IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CANDACE QUINN, TAMARA L. DOBSON COTTON, and CAMILLE D. HARRIS,<br><br>        Plaintiffs,<br>v.<br><br>LEGACY HEALTH, a public benefit corporation, and DOES 1 THROUGH 50,<br><br>        Defendants. | Case No.: 3:23-cv-00331-JR<br><br><br>ORDER |

**Adrienne Nelson, District Judge:**

      United States Magistrate Judge Jolie Russo issued a Findings and Recommendation in this case on June 16, 2023 in which she recommended granting in part and denying in part defendant Legacy Health's Motion to Dismiss. Plaintiffs timely filed objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

      A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to

1983 amendment.

## DISCUSSION

Plaintiffs Candace Quinn, Tamara Dobson Cotton, and Camille Harris brought this action against Legacy Health and Does 1 through 50 (the "Doe defendants"), alleging religious discrimination in violation of 42 U.S.C. § 2000e-2 ("Title VII") and Oregon Revised Statute ("ORS") § 659A.030(1)(a) and aiding and abetting religious discrimination in violation of ORS § 659A.030(1)(g). Compl., ECF [1], ¶¶ 55, 63, 65-67. Plaintiffs are healthcare workers who were employed by Legacy Health at the time Oregon issued Oregon Administrative Rule 333-019-1010, which mandated that all healthcare workers be vaccinated against COVID-19. *Id.* ¶¶ 10-19. Plaintiffs sought religious exemptions to the mandate. *Id.* ¶ 24. Legacy Health denied the exemption requests, leading plaintiffs to resign from their positions. *Id.* ¶¶ 34-35.

Legacy Health moved to dismiss all claims. Mot. to Dismiss, ECF [7], at 17.

In her Findings and Recommendation, Judge Russo found that Cotton and Harris failed to establish a sincerely held religious belief that conflicted with their employment duty and that an inquiry into whether defendant Legacy Health could accommodate plaintiffs without undue hardship was not appropriate at the motion to dismiss stage. Findings & Recommendation ("F&R"), ECF [15], at 9, 13. Judge Russo also found that Quinn "fail[ed] to include any well-plead supporting facts" in her claims against the Doe defendants. *Id.* at 15. Accordingly, Judge Russo recommended granting the motion to dismiss Cotton and Harris' religious discrimination claims and the aiding and abetting claims against the Doe defendants without prejudice, leaving only Quinn's religious discrimination claims. *Id.* at 16. She also recommended permitting plaintiffs to file a motion to amend the complaint, in conformity with the Findings and Recommendation, within thirty days of this order. *Id.*

Plaintiffs timely objected to the Findings and Recommendation. Pls.' Objs. to Findings & Recommendation ("Pls.' Objs."), ECF [17]. Plaintiffs' objections can be grouped into two categories. First, plaintiffs object to the finding that Cotton and Harris failed to demonstrate a bona fide religious belief that conflicted with an employment requirement and argue that the Findings and Recommendation erroneously

2

employs a heightened pleading standard in recommending dismissal of those claims. *Id.* at 2-23. Second, plaintiffs object to the finding that they failed to state an aiding and abetting claim against the Doe defendants. *Id.* at 23-26. In addition, although no objection is raised, the Court undertakes a review of the finding that determining undue hardship is inappropriate at this stage of the proceedings. F & R 13. The Court addresses each in turn.

A.     **Sincere Religious Belief**

The first element of a prima facie case of failure to accommodate religion under Title VII is that the plaintiff holds a bona fide religious belief and that this belief conflicts with an employment requirement. *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023).[1]

Judge Russo found that Quinn adequately pleaded a sincere religious belief that conflicted with an employment requirement. F & R 10. No party objects to this finding and, finding no clear error, the Court adopts it.

Plaintiffs argue that Judge Russo employed a heightened standard when determining whether Cotton and Harris adequately pleaded that they hold bona fide religious beliefs, failing to take the factual allegations as true and construe them in the light most favorable to plaintiffs. F & R 2-5. They assert that Cotton and Harris have plausibly alleged sincere religious beliefs, and the court mischaracterized factual allegations as non-religious in nature. *Id.* at 5. As a result, they argue that the court wrongfully determined that Cotton and Harris did not have sincere religious beliefs that conflicted with an employment requirement, and thus failed to state a claim for religious discrimination. *Id.* at 10-23. The Court examines this element *de novo*.

A plaintiff's burden to allege a sincere religious belief in conflict with an employment requirement is "fairly minimal," although courts are not required to take "conclusory assertions of violations of [ ] religious beliefs at face value." *Bolden-Hardge*, 63 F.4th at 1223. Religion includes "all aspects of religious observance and practice, as well as belief," although "Title VII does not protect secular

---

[1] Plaintiffs and defendants agree that the analysis required by Title VII and Oregon state law is identical. Mot. to Dismiss 6 n.3; Opp'n to Mot. to Dismiss, ECF [10], at 15.

preferences" such as medical, political, and social preferences. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 682 (9th Cir. 1998).

Cotton explained in her religious exemption request that she is a non-denominational Christian and that "[t]he Bible makes it clear that my body is a temple. Taking this new vaccine/experimental gene therapy/gateway to the Mark of the Beast would grieve my Lord and my soul." Compl. ¶ 33 (alterations in original), Ex. D. She further explains in the complaint that the "Mark of the Beast" refers to a concept from the Christian Bible. *Id.* ¶ 33. Harris stated in her request that "as a Christian, my body is a temple and it is my God give [*sic*] responsibility and requirement to protect the physical integrity of my body." *Id.* ¶ 33, Ex. E.

Both Cotton and Harris meet the minimal standard for pleading a sincere religious belief that conflicts with an employment requirement. Although Cotton wrote "I AM GOD" in lieu of identifying a religious leader, arguing that "I do not need a religious authority other than God," *Id.* Ex. D, and although at least part of her objection to the vaccine appears to be rooted in a medical preference not to take an "experimental" vaccine, she alleges that she is a Christian and that her opposition to vaccination stems, at least in part, from a belief that the Christian Bible forbids her to receive the vaccine. Harris states that as a Christian, she understands that she has a duty to "protect the physical integrity of [her] body" by avoiding vaccination. *Id.* ¶ 33, Ex. D. Although the development of the factual record may later illuminate in greater detail Cotton and Harris' religious convictions and their relationship, if any, to the requirement to receive the COVID-19 vaccine, at this stage in the proceedings the minimal pleadings are sufficient to state a claim. *See Thompson v. Asante Health Sys.*, No. 1:23-CV-00486-CL, 2023 WL 7348812, at *3-4 (D. Or. Sept. 21, 2023) (finding that although plaintiffs' explanations were "quite minimal," such as the statement that "[t]aking this vaccination goes against my core beliefs as a Christian," plaintiffs had adequately alleged a sincerely held religious belief), *report and recommendation adopted*, 2023 WL 7326496 (D. Or. Nov. 7, 2023); *Rolovich v. Wash. State Univ.*, No. 2:22-CV-0319-TOR, 2023 WL 3733894, at *3 (E.D. Wash. May 30, 2023) (holding that plaintiff's allegations that "he is a practicing Catholic and his 'study of the Bible, personal prayer, . . . advice from a Catholic priest, and the teachings of the Church . . . precluded him from

4

receiving any available COVID-19 vaccine'" adequately pleaded a sincere religious belief that conflicted with an employment duty).

**B.    Undue Hardship**

In its motion to dismiss, Legacy Health argues that it could not, as a matter of law, reasonably accommodate plaintiffs' vaccination exception requests without undue hardship. Mot. to Dismiss 7.

If a plaintiff makes out a prima facie case for failure to accommodate, the burden shifts to the defendant "to show either that it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Tiano*, 139 F.3d at 681. Because undue hardship is an affirmative defense, dismissal is proper "only if the defendant shows some obvious bar to securing relief on the face of the complaint" or any judicially noticeable materials. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). An employer may show undue hardship by showing that an accommodation "would cause 'undue hardship on the conduct of the business'" or "hardship on the plaintiff's coworkers." *Opuku-Boateng v. State of Cal.*, 95 F.3d 1461, 1468 (9th Cir. 1996), *as amended* (Nov. 19, 1996) (quoting *E.E.O.C. v. Townley Eng'g & Mfg. Co.*, 859 F.2d 610, 615 (9th Cir. 1988) (internal quotation marks omitted)).

The Findings & Recommendation was issued on June 16, 2023. Prior to June 30, 2023, a defendant could demonstrate an undue hardship if the proposed accommodation imposed more than a *de minimis* burden on the employer. *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1977). Judge Russo found that the determination of whether an accommodation constituted more than a *de minimis* burden was a fact-intensive inquiry not appropriate for a motion to dismiss. F & R 13-14. Plaintiffs did not object to this finding.

Shortly after the Findings and Recommendation was issued, the Supreme Court decided *Groff v. DeJoy*, 600 U.S. 447 (2023). This decision abandoned the *de minimis* rule adopted from *Trans World Airlines* and held that "showing 'more than a *de minimus* cost' . . . does not suffice to establish 'undue hardship' under Title VII." *Groff*, 600 U.S. at 468. Instead, the Supreme Court understood "undue hardship"

5

to be shown "when a burden is substantial in the overall context of an employer's business." *Id.* To demonstrate that an accommodation constitutes an undue hardship, "an employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." *Id.* at 470 (citing *Trans World Airlines*, 432 U.S. at 83 n.14). "[C]ourts must apply the test in a manner that takes into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of [an] employer." *Id.* at 470-71 (internal quotation marks omitted). The Supreme Court emphasized that this was a "context-specific" analysis. *Id.* at 473. In light of this intervening precedential law, the Court examines this element *de novo*.

Legacy Health argues that permitting plaintiffs to work onsite with their requested accommodations—taking COVID-19 tests, wearing personal protective equipment, washing hands regularly, and social distancing when possible—would have resulted in undue hardship in the context of providing "direct care to medically vulnerable patients onsite at Legacy facilities." Mot. to Dismiss 13-14. They note that "several hundred unvaccinated Legacy employees" sought exemptions; plaintiffs allege that the number is closer to 800 employees. *Id.* at 13; Compl. ¶ 29. Taking "reasonable steps" to ensure that unvaccinated healthcare workers are protected from contracting and spreading COVID-19, they argue, as required by the Oregon mandate, would have imposed a cost on defendants by requiring them to track plaintiffs' preventative measures, resulting in "considerably more than a *de minimis* cost." Mot. to Dismiss 15-16.

In addition to the resource cost of providing and tracking these accommodations for up to 800 employees, Legacy Health argues that because COVID-19 vaccines prevent or reduce transmission, severe illness, and death, any accommodation permitting unvaccinated employees to continue working would impose an undue hardship by decreasing safety at Legacy Health's facilities. Reply in Supp. of Mot. to Dismiss ("Reply"), ECF [13], at 7. If Legacy Health attempted to avoid incurring the cost by declining to take reasonable steps to curtail transmission, it would be in violation of state law, which it states is also an undue hardship. *Id.* (citing *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830-31 (9th Cir.

6

1999) ("[C]ourts agree that an employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal or state law. This court has held that the existence of such a law establishes 'undue hardship[.]'")).

A number of courts in this circuit have now applied *Groff* to motions to dismiss Title VII actions related to vaccine mandates and determined that on the limited record available at the motion to dismiss stage, defendant employers could not demonstrate an undue hardship as a matter of law. *See Zimmerman v. PeaceHealth*, No. 3:22-CV-05960, 2023 WL 7413650, at *10 (W.D. Wash. Nov. 9, 2023) (finding that at motion to dismiss stage, when "the record is limited," amended complaint and cited materials regarding vaccine efficacy were not sufficient to establish undue hardship); *MacDonald v. Or. Health & Sci. Univ.*, No. 3:22-CV-01942-IM, 2023 WL 5529959, at *7 (D. Or. Aug. 28, 2023) (finding that at motion to dismiss stage, the record was not sufficient to show that accommodation would have resulted in a substantial cost to defendant, although later, "on a more robust record, Defendants may very well be able to meet their burden"); *Johnson v. St. Charles Health Sys., Inc.*, No. 6:23-CV-00070-MK, 2023 WL 5155591, at *3 (D. Or. July 21, 2023) (denying motion to dismiss Title VII vaccine accommodation request where "there is nothing in the record thus far to show that allowing Plaintiff to adhere to her proposed accommodations – allowing Plaintiff to remain unvaccinated and engaging instead in frequent testing and using additional or enhanced protective equipment – while continuing to work as a relief nurse would constitute an undue hardship"), *report and recommendation adopted*, No. 6:23 CV 00070-MK, 2023 WL 5139962 (D. Or. Aug. 10, 2023); *Payne v. St. Charles Health Sys.*, No. 6:22-CV-01998-MK, 2023 WL 4711431, at *3 (D. Or. July 6, 2023) ("Here, there is nothing in the record thus far to show that allowing Plaintiff to adhere to his proposed accommodations – wearing an N-95 mask and antibody testing – while continuing to work as a facilities supervisor would constitute an undue hardship by resulting in substantial increased costs in relation to the conduct of Defendant's business."), *report and recommendation adopted sub nom. Payne v. ST Charles Med. Ctr.*, No. 6:22 CV 01998-MK, 2023 WL 4711095 (D. Or. July 24, 2023).

At least one court in this circuit has found, on the record available on a motion to dismiss, that proposed accommodations to permit an unvaccinated person to work in-person and in contact with others constituted an undue hardship. *Conner v. Raver*, No. 22-CV-08867-JST, 2023 WL 5498728, at *6 (N.D. Cal. Aug. 24, 2023) (finding that complaint and attached documents demonstrated that defendant could not reasonably accommodate plaintiff without undue hardship where plaintiff's job duties required her to provide in-person support to coworkers, and that granting plaintiff's request to work remotely would have required defendant to either hire an additional employee or "overhaul its operations," resulting in substantially increased costs). In another, pre-*Groff* case, a court found that *no* accommodation was possible, meeting the *de minimis* standard. *Beuca v. Wash. State Univ.*, No. 2:23-CV-0069-TOR, 2023 WL 3575503, at *3 (E.D. Wash. May 19, 2023) ("Defendant asserts having unvaccinated internal medicine physicians would have imposed an undue hardship because it would have increased the risk of exposure to COVID-19 to patients and other healthcare workers. . . . The Court concludes Defendant's proffered reason for not accommodating Plaintiff's request is sufficient to establish an undue hardship, particularly given the increased risk of COVID-19 infection during the time of Plaintiff's termination. Plaintiff contends this issue cannot be decided on a motion to dismiss. However, the facts, as plead by Plaintiff show that he was working in a hospital and would have increased the risk of exposure to COVID-19 to patients and other healthcare workers. No accommodation was possible.").

Because the evidentiary record at this stage is limited, the Court adopts Judge Russo's finding that the record does not yet support that plaintiffs' requested accommodations would have imposed an undue hardship on Legacy Health. A denial on this ground "does not mean, however, that Defendants must submit to time-consuming and expensive discovery before filing a motion for summary judgment." *Brown v. NW Permanente, P.C.*, No. 3:22-CV-986-SI, 2023 WL 6147178, at *5 (D. Or. Sept. 20, 2023). The Court will not limit the parties to a single motion for summary judgment and will consider a well-supported motion for summary judgment based on undue hardship before the close of discovery.

**C.**    **Aiding and Abetting Claim**

Plaintiffs object to the finding that they failed to sufficiently plead aiding and abetting

8

claims against the Doe defendants and the resultant recommendation that those defendants be dismissed from the action.  Pls.' Objs. 23-26.

Although generally the use of "John Doe" to identify a defendant is disfavored, in situations where "the identity of alleged defendants will not be known prior to the filing of a complaint . . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

ORS § 659A.030(1)(g) provides that it is an unlawful employment practice "'[f]or any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so."

Plaintiff's sole allegations against the Doe defendants are that each "is legally responsible for the events and happenings herein referred to and proximately caused injuries and damages to Plaintiff thereby" and that "[i]n their roles as members of Defendant LEGACY's Exceptions Committee" the Doe defendants "acted in concert with, or gave substantial assistance to, LEGACY in unlawfully discriminate [*sic*] against Plaintiffs on account of Plaintiffs' respective religions."  Compl. ¶¶ 4, 66.

Judge Russo found that plaintiffs had merely made conclusory allegations and failed to allege specific acts that the Doe defendants took that amount to aiding and abetting.  F & R 14-15.  Upon review, the Court agrees and adopts Judge Russo's finding.  The allegations that the Doe defendants aided and abetted religious discrimination and are legally responsible for the events described in the complaint are conclusory.  Plaintiffs do not make any factual allegations regarding the Doe defendants' conduct.  Even if the Doe defendants were later identified, the allegations against them would be insufficient.  Accordingly, the Court adopts Judge Russo's recommendation and dismisses the aiding and abetting claim.

## CONCLUSION

For the foregoing reasons, the Court modifies in part and ADOPTS Judge Russo's Findings and Recommendation, ECF [15].  Defendant Legacy Health's Motion to Dismiss, ECF [7], is GRANTED in part and DENIED in part.  Defendants Does 1-50 are dismissed from this action.  Any motion to amend

9

the complaint must conform with this Order and must be filed within fourteen days of this Order.

IT IS SO ORDERED.

DATED this 13th day of February, 2024.

_____
Adrienne Nelson
United States District Judge