IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TAMARA L. DOBSON COTTON,<br><br>Plaintiff,<br>v.<br><br>LEGACY HEALTH,<br><br>Defendant. | Case No.: 3:23-cv-00331-JR<br><br>ORDER |

**Adrienne Nelson, District Judge:**

Plaintiff Tamara Dobson Cotton alleges that defendant Legacy Health's decision to deny her religious exemption request to its 2021 vaccination policy violated Title VII and Oregon nondiscrimination law. United States Magistrate Judge Jolie A. Russo issued a findings and recommendation ("F&R") in this case on February 9, 2026, recommending that this Court grant defendant Legacy Health's motion for summary judgment and dismiss this case. Plaintiff filed timely objections, and defendant timely responded to plaintiff's objections. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b). For the reasons stated below, the Court ADOPTS the F&R in full.

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a magistrate judge issues findings and recommendations related to a dispositive motion and a party files objections, "the court shall make a de novo determination of those portions of the report." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Plaintiff was a respiratory care practitioner at defendant's Meridian Park Medical Center in 2021.[1]

[1] Background facts are drawn from the F&R's background section, *see* F&R 2-6, to which plaintiff does not object, *see* Pl. Obj. 6.

Responding to rising cases of COVID-19 and guidance from the Centers for Disease Control, the Oregon Health Authority, and the Washington State Health Care Authority, defendant enacted a vaccination policy in August of 2021, which required all employees to be vaccinated against COVID-19 or have an approved exception by September 30, 2021. Plaintiff requested an exception based on her religious beliefs, which was denied. This suit followed.

## DISCUSSION

Plaintiff objects to both the F&R's handling of the record evidence and to its conclusions on the merits. These objections are addressed in turn.

### A. Objection No. 1: Evidentiary Rulings

Plaintiff first makes a non-specific objection to the F&R based on her perception that the F&R improperly weighs the evidence and the credibility of witnesses. Upon de novo review of the F&R's treatment of the record, the Court concludes that the F&R does not improperly weigh the evidence.

Plaintiff further objects to the F&R's conclusion that plaintiff's declaration was contradicted by the evidentiary record and contained impermissible lay opinion. First, the F&R is correct that subjective, self-serving declarations must yield to uncontroverted record evidence. *See Hughes v. Rodriguez*, 31 F.4th 1211, 1218 (9th Cir. 2022) (concluding that, at summary judgment, courts must rely on "evidence capable of objectively disproving witness testimony" rather than subjective testimony); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (holding that "'uncorroborated and self-serving' testimony" does not create a genuine dispute of fact (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996))). Second, plaintiff's assertions about the efficacy of the COVID-19 vaccine and other COVID-19 prevention measures require "scientific, technical, or specialized knowledge," and, therefore, do not qualify as admissible lay opinion under Federal Rule of Evidence 701. *See Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2025 WL 1788267, at *5 (D. Or. June 25, 2025) ("Lay opinion testimony about the efficacy of the COVID-19 vaccine should also be stricken."), *findings and recommendation adopted*, No. 1:22-CV-01842-MC, 2025 WL 2374384 (D. Or. Aug. 14, 2025). The fact that plaintiff has worked as a respiratory therapist is irrelevant—both because plaintiff has not been proffered as an expert and because such

experience would not qualify her to testify about disease transmission, vaccine effectiveness, or epidemiology. *Cf. Morris v. Asante Health Sys.*, No. 1:22-cv-01707-CL, 2025 WL 1770806, at *4 (D. Or. June 25, 2025) (holding that travel nurse plaintiff did not "show[] herself to be qualified to offer an expert opinion as to immunology, the efficacy of the COVID-19 vaccines, or any other vaccine research or best practices").

Plaintiff also objects to the F&R's treatment of Ram Duriseti's proffered expert declaration. The F&R correctly concluded that the portions of Duriseti's opinion asserting that COVID-19 vaccinations did not reduce infection risk, that other COVID-19 protective measures were as effective alone as when used in tandem with COVID-19 vaccines, that defendant did not have a high volume of high-risk patients during the relevant time period, and that COVID-19 presented serious health risks to both healthy and medically fragile individuals were not based on sufficient facts and data, did not reflect a reasonable application of reliable methods to the facts available, and relied heavily on evidence only available after defendant's relevant decisions. *See* Fed. R. Evid. 701; *see also Young v. Hawaiian Airlines, Inc*., No. CV 22-00532 HG-WRP, 2026 WL 1415280, at *19 (D. Haw. May 20, 2026) (finding Duriseti's opinions to be unreliable and concluding that his "opinions disagreeing with the vaccination policy and critiquing the efficacy of COVID-19 vaccines in hindsight do not raise genuine issues of material fact.").

**B. Objection No. 2: Reasonable Accommodation under Title VII**

Plaintiff objects to the F&R's conclusion that there is no genuine dispute of material fact that plaintiff's accommodation request posed an undue hardship on defendant. Upon de novo review, the Court finds that defendant establishes its undue hardship defense and plaintiff fails to identify a genuine dispute of material fact. Therefore, the F&R properly concluded that defendant is entitled to summary judgment.

The Ninth Circuit has directed that courts "look to EEOC guidance" to assess whether health and safety concerns related to COVID-19 create an undue burden for a defendant employer, including whether the plaintiff "'work[ed] in a solitary or group work setting,'" "'ha[d] close contact with other employees or members of the public,'" or "'work[ed] outdoors or indoors.'" *Petersen v. Snohomish Reg'l Fire & Rescue*, 150 F.4th 1211, 1220 (9th Cir. 2025) (quoting *See What You Should Know About COVID-19 and the ADA,*

*the Rehabilitation Act, and Other EEO Laws*, EEOC (published Mar. 1, 2022), https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws [https://perma.cc/CQ9C-JPNY]). These factors overwhelmingly support the conclusion that allowing healthcare personnel to work unvaccinated at the height of the COVID-19 pandemic posed an undue hardship because such personnel, including plaintiff, work in teams, have frequent close contact with both other employees and medically fragile members of the public, and primarily work indoors. Accordingly, courts have repeatedly found that permitting similarly situated—sometimes identically situated—employees to work unvaccinated would pose an undue burden. *See, e.g.*, *Lavelle-Hayden v. Legacy Health*, 744 F. Supp. 3d 1135, 1158 (D. Or. 2024) ("Based on the information and evidence available to it at the time, Defendant reasonably concluded that allowing unvaccinated [respiratory therapists] to have direct, in-person contact with patients and employees posed a substantial increased cost."); *Hailey v. Legacy Health*, No. 3:23-cv-00149-IM, 2024 WL 4253238, at *16 (D. Or. Sept. 20, 2024) (concluding that "medical-care employers are entitled to rely on [the] medical consensus" that "found that vaccines could protect against COVID-19 in ways no other measure alone could" and this fact "in tandem with Defendant's mission, and with the abundant and well-established, unrefuted evidence of COVID-19's effect on Defendant's patients, employees, and ability to fulfill that mission" justifies summary judgment for the defendant); *Antredu v. Massachusetts Dep't of Youth Servs.*, 729 F. Supp. 3d 76, 84 (D. Mass. 2024) ("Unvaccinated, [a juvenile case worker] would put his colleagues, clients, and their families at a higher risk for contracting COVID-19.").

The F&R properly distinguished both *Malone v. Legacy Health* and *Cox v. Northwest Regional Educational Service* District, which both hinged on the lack of evidence of individual inquiry, alternative positions, or evidence of the vaccine's efficacy compared to other measures. *See Malone*, No. 3:22-cv-01343-HZ, 2024 WL 3316167, at *4 (D. Or. July 5, 2024); *Cox*, No. 3:22-cv-01073-HZ, 2024 WL 777598, at *12-13 (D. Or. Feb. 23, 2024). Here, the record shows that defendant considered alternative COVID-19 prevention measures and other positions the plaintiff could transfer to, and it concluded that no other measure would be as effective or cost efficient as vaccination and that other positions plaintiff was qualified

for also required substantial contact with patients with respiratory illnesses. *See* F&R 20-21. Thus, the F&R's analysis and conclusion are in line with the overwhelming majority of courts that have considered similar factual situations. Further, since *Malone* and *Cox* were decided, the Ninth Circuit has expressly held that "it was more than reasonable for [an employer] to conclude" in summer of 2021 "that COVID-19 vaccines would protect the health and safety of its employees and students." *Health Freedom Def. Fund, Inc. v. Carvalho*, 148 F.4th 1020, 1031 (9th Cir. 2025), *cert. denied*, 224 L. Ed. 2d 831 (May 18, 2026). Accordingly, having conducted a de novo review, the Court finds that the F&R correctly concluded that defendant is entitled to summary judgment on its undue hardship defense.

## CONCLUSION

For the reasons stated herein, and upon a de novo review of the objected to portions of the F&R, the Court ADOPTS Judge Russo's Findings and Recommendation, ECF 59. Defendant's motion for summary judgment is GRANTED and this case is DISMISSED. Judgment shall follow.

IT IS SO ORDERED.

DATED this 4th day of September, 2026.

Adrienne E. Nelson

Adrienne Nelson
United States District Judge